UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA- TAMPA DIVISION

**Case No.**
-----------------------------------------------------------------------x
Timea Blankenship

          Plaintiff,

8:16 cv 907 T 17 AEP

   -against-

Dynamic Recovery Solutions, LLC

          Defendant.
-----------------------------------------------------------------------x

## COMPLAINT

Plaintiff Timea Blankenship ("Plaintiff" or "Blankenship"), by and through her attorneys, Michael Jay Ringelheim for RC Law Group, as and for her Complaint against Defendant Dynamic Recovery Solutions, LLC ("Defendant" or "DRS"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

TPA -36168
$400

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act, section 559.55, Florida Statues, et. Seq ("FCCPA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Hillsborough, residing at 11663 Hidden Hollow, Tampa, FL 33635.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and Fla. Stat section 559.55, with an address at 135 Interstate Blvd., Suite 6, Greenville, SC, 29615.

6. Defendant was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat section 559.55(6).

10. The reporting of a consumer debt to a credit reporting agency is a "communication" as the term is defined in 15 U.S.C. § 1692a(2).

11. Defendant reported the Alleged Debt on Plaintiff's credit report.

12. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on June 26, 2015.

13. Plaintiff examined her credit report again on September 16, 2015 and found that Defendant had not removed the credit account nor marked it as "disputed by consumer" despite being required to do so by the FDCPA.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

14. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

15. Defendant's debt collection efforts attempted and/or directed towards Plaintiffs violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), and 1692f.

16. As a result of the Defendant's violations of the FDCPA, Plaintiffs have been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of the FCCPA-section 559.55)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

18. Defendant violated section 559 of the Florida Statues when it received the dispute letter from the Plaintiff and failed to update the report to reflect disputed status.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For statutory damages pursuant to section 559.77(2) Florida Statues;

e) Reasonable costs and attorney's fees pursuant to section 559.77(2), Florida Statutes and;

f) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: April 7, 2016

Respectfully Submitted,

By: /s/Michael Jay Ringelheim
Florida bar No.: 93291
mringelheim@gmail.com
RC Law Group, PLLC
285 Passaic Street
Hackensack, NJ, 07601
Telephone: (201) 282-6500 ext 201
Facsimile: (201) 282-6501
Attorney for Plaintiff